# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIE JAMES JOHNSON,**

**Plaintiff,**

-vs-                                          **Case No.  6:05-cv-533-Orl-22DAB**

**LOWE'S HOME CENTERS, INC.,**

**Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

---

> **MOTION:**   **DEFENDANT'S MOTION FOR SANCTIONS ON ACCOUNT OF PLAINTIFF'S FAILURE TO APPEAR FOR DEPOSITION (Doc. No. 26)**
>
> **FILED:**    **June 19, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

Defendant moves to sanction Plaintiff for his failure to appear at his properly scheduled deposition on June 8, 2006.  According to Defendant, Plaintiff proceeding *pro se*[1], failed to appear for his properly noticed June 8, 2006 deposition.  Plaintiff filed a response in opposition to the Motion for Sanctions (Doc. No. 29) but failed to explain his failure to appear at the deposition.

---

[1] Plaintiff was represented by counsel when he filed his suit in May 2005; however, on  November 22, 2005, the Court granted the motion by Plaintiff's counsel to withdraw.  Doc. No. 25,  the Order stated that Plaintiff would be "personally responsible for prosecuting his claims in this litigation, including meeting all deadlines," and that "[f]ailure to do so may result in dismissal of his claims for failure to prosecute."  Doc. No. 25.

On May 4, 2006, Defendant's counsel contacted Plaintiff to schedule his deposition. Doc. No. 26-2. When Plaintiff did not respond to Defendant's letter, Defendant set Plaintiff's deposition for June 8, 2006 at 10:00 a.m.  Doc. No. 26-3.[2]  Although Plaintiff had plenty of notice of the deposition, he never contacted Defendant's counsel to indicate that he was unavailable for deposition on June 8, 2006, until 10:50 a.m. on June 8, 2006, almost two hours after his scheduled deposition time, when Plaintiff called the offices of Defendant's counsel in Tampa and stated that he was at work and could not attend his deposition, and asked to reschedule his deposition.  Doc. No. 26-5, Certificate of Non-appearance.     Defendant contends that, with scarcely one month left in the discovery period, it has been deprived of the opportunity to take Plaintiff's deposition, or to pursue additional written and deposition discovery prior to the discovery cutoff date causing it severe prejudice.

Plaintiff contends that he sought to reschedule his deposition.  Doc. No. 29 at 2.  However, Plaintiff does not deny that his attempt to reschedule was made two hours after the deposition was scheduled to begin on June 8, 2006.  Plaintiff also argues that he was not required to submit to his deposition because the Court "did not issue an order compelling Plaintiff to appear" or issue an order to show cause.  Doc. No. 29 at 2.  Under the Federal Rules of Civil Procedure, Plaintiff must submit to his deposition by the opposing party.  *See* FED. R. CIV. P. 30(a)(1).  Defendant does not require a court order or subpoena to compel Plaintiff's appearance, since he is a party to the litigation; all that is required is reasonable notice, which was provided here.  *See* FED. R. CIV. P. 30(b)(1).

Under Federal Rules of Civil Procedure 37, a district court is authorized to dismiss an action if a party "fails to obey an order to provide or permit discovery."  FED. R. CIV. P. 37(b)(2)(C).  Rule

---

[2]On May 18, 2006, Defendant changed the time of Plaintiff's deposition from 10:00 a.m. to 9:00 a.m., but not the date, which remained June 8, 2006.  Doc. No. 26-4.

37(d) authorizes the same if a party fails to appear for properly noticed deposition. While disfavored, "dismissal [with prejudice under Rule 37] may be appropriate when plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993). There is a "need for a strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.' " *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir.1991) (quoting *National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.,* 427 U.S. 639 (1976)). Dismissal of an action may also be granted under Rule 41(b), for failure of the plaintiff to prosecute or to comply with a court order or the federal rules. "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999). A plaintiff's *pro se* status will not excuse his noncompliance; *pro se* litigants are obligated to obey discovery orders. *Reed v. Fulton County Government,* 170 Fed.Appx. 674, 676 (11th Cir. 2006).

Numerous courts have dismissed a plaintiff's case for failure to appear at his deposition. *See, e.g., Reed,* 170 Fed. Appx. at 676 (affirming dismissal of *pro se* plaintiff's Title VII race discrimination claims where plaintiff failed to appear for his deposition despite offers to reschedule); *Hashemi v. Campaigner Publications*, 572 F. Supp. 331, 334 (N.D. Ga. 1983) (dismissing the plaintiff's complaint where his failure to appear for deposition on two occasions evidenced bad faith), *aff'd*, 737 F.2d 1538 (11th Cir. 1984).

Although Plaintiff's Response fails to explain his failure to appear for his deposition, it does indicate his willingness to reschedule his deposition. It is **ORDERED** that Defendant's costs of preparing for and attending the June 8, 2006 deposition be taxed against Plaintiff in the amount of $500. It is further **ORDERED** that Plaintiff appear for his rescheduled deposition by July 31, 2006.

-3-

**Plaintiff is admonished that his failure to attend the rescheduled deposition will result in DISMISSAL of his claims against Defendant.**  Defendant is granted leave to seek additional discovery if circumstances warrant after Plaintiff's deposition.

DONE and ORDERED in Orlando, Florida on July 6, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff Willie James Johnson

-4-